UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X          Civil Action No. 22-cv-5875
RUBEN BELTRAN and SERGIO BELTRAN,

                            Plaintiffs,          **COMPLAINT**

       -against-

MEC-CON ASSOCIATES, INC., SAMMY YUN,
KATIE CHUNG, RAYMOND CHUNG and PAUL
CHUNG,

                          Defendants.
------------------------------------------------------------X

       Plaintiffs, by their attorneys, Bell Law Group, PLLC, respectfully allege upon information and belief the following:

## NATURE OF THE ACTION

       1.     This action is brought by Plaintiffs pursuant to the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") to seek redress against Defendants for Defendants' failure to provide overtimes wages, prevailing wages, wage payment statements and a hiring pay rate notice in violation of the FLSA and NYLL.

       2.     Defendants are the owners and/or operators of a mechanical contractor company known as Mec-Con Associates, located at 3722 55th Street, Woodside, New York 11377. Plaintiffs worked for Defendants as laborers and/or junior mechanics from 2015 through February 2022. Throughout their employment, Plaintiffs worked 6:00 a.m. to 4:00 p.m., Monday through Friday, for an approximate total of fifty (50) hours per week. Plaintiffs were paid a flat weekly salary of $1,000.00 per week during their employment irrespective of the number of hours worked per week at no time did Plaintiffs receive overtime at one and one-half times

1

Plaintiffs' regular hourly rates. Moreover, Plaintiffs did not receive wage payments statements each week and did not receive wage notices at the time of hiring reflecting Plaintiffs' hourly rates.

3.      Additionally, Plaintiffs worked on numerous Public Works projects for at least half of the relevant period of their employment for which they were entitled to receive wages at the prevailing wage rate together with supplemental benefits. Nonetheless, Plaintiffs received a flat weekly salary of $1,000.00 per week in which Plaintiffs did not receive any prevailing wages, overtime wages at the prevailing wage overtime rate or supplemental benefits, and the same was instead stolen and retained by Defendants for illegal profits.

## PARTIES

4.      Plaintiff Ruben Beltran was and still is a resident of the County of Nassau, State of New York.

5.      Plaintiff Sergio Beltran was and still is a resident of the County of Queens, State of New York.

6.      Plaintiffs are covered employees within the meaning of the FLSA, 29 U.S.C. § 201, *et seq.* and NYLL, N.Y. Lab. Law § 190 *et seq.*

7.      Defendant Mec-Con Associates, Inc. (hereinafter referred to as "Defendant Mec-Con") was and still is a domestic corporation organized and existing under and by virtue of the laws of the State of New York.

8.      Defendant Sammy Yun is a resident of the State of New York.

9.      Defendant Sammy Yun was or still is an officer, principal and/or manager of Defendant Mec-Con.

10.     Defendant Sammy Yun was or still is in active control and management of the Defendant Mec-Con, regulates the employment of persons employed by Defendant Mec-Con, acted directly and indirectly in the interest of Defendant Mec-Con in relation to the employees, and is thus an employer of Plaintiffs under the FLSA and NYLL.

11.     Defendant Katie Chung is a resident of the State of New York.

12.     Defendant Katie Chung was or still is an officer, principal and/or manager of Defendant Mec-Con.

13.     Defendant Katie Chung was or still is in active control and management of the Defendant Mec-Con, regulates the employment of persons employed by Defendant Mec-Con, acted directly and indirectly in the interest of Defendant Mec-Con in relation to the employees, and is thus an employer of Plaintiffs under the FLSA and NYLL.

14.     Defendant Raymond Chung is a resident of the State of New York.

15.     Defendant Raymond Chung was or still is an officer, principal and/or manager of Defendant Mec-Con.

16.     Defendant Raymond Chung was or still is in active control and management of the Defendant Mec-Con, regulates the employment of persons employed by Defendant Mec-Con, acted directly and indirectly in the interest of Defendant Mec-Con in relation to the employees, and is thus an employer of Plaintiffs under the FLSA and NYLL.

17.     Defendant Paul Chung is a resident of the State of New York.

18.     Defendant Paul Chung was or still is an officer, principal and/or manager of Defendant Mec-Con.

3

19.     Defendant Paul Chung was or still is in active control and management of the Defendant Mec-Con, regulates the employment of persons employed by Defendant Mec-Con, acted directly and indirectly in the interest of Defendant Mec-Con in relation to the employees, and is thus an employer of Plaintiffs under the FLSA and NYLL.

20.     Defendants are covered employers within the meaning of the FLSA, 29 U.S.C. § 201, *et seq.* and NYLL, N.Y. Lab. Law § 190 *et seq*., and at all relevant times, employed Plaintiffs.

<u>**JURISDICTION AND VENUE**</u>

21.     This Court has jurisdiction pursuant to 28 U.S.C. § 1331, in that this is an action arising under the FLSA.

22.     This Court has supplemental jurisdiction of the claim arising under the NYLL pursuant to 28 U.S.C. § 1367, in that the New York State law claims are so closely related to Plaintiff's FLSA claims as to form the same case or controversy under Article III of the United States Constitution.

23.     Venue is proper in this judicial district under 28 U.S.C. § 1391, as a substantial part of the events and omissions giving rise to the claims occurred in this judicial district, and Defendants conduct significant business within this judicial district.

<u>**PLAINTIFFS' FACTUAL ALLEGATIONS**</u>

24.     Defendants are the owners and operators of a mechanical contractor company known as Mec-Con Associates, Inc.

25.     Defendant Mec-Con provides heating, ventilation and air conditioning (HVAC), pipe work, sheet metal duct fabrications, plumbing, designing and installation of air conditioning

systems to customers in the State of New York.

26.     Plaintiff Ruben Beltran worked for Defendants from in or around 2015 through February 2022.

27.     Plaintiff Ruben Beltran worked for Defendants as a laborer from approximately 2015 through 2018 and as a junior mechanic from 2019 through February 2022.

28.     Plaintiff's Ruben Beltran's duties included without limitation insulation, installing units, piping, duct work and all other duties associated with heating, ventilation and air conditioning (HVAC).

29.     Plaintiff Sergio Beltran worked for Defendants from in or around 2007 through February 2022.

30.     Plaintiff Sergio Beltran worked for Defendants as a junior mechanic.

31.     Plaintiff Sergio Beltran's duties included without limitation insulation, installing units, piping, duct work and all other duties associated with heating, ventilation and air conditioning (HVAC).

32.     Throughout their employment, Plaintiffs worked 6:30 a.m. to 4:30 p.m., Monday through Friday, for an approximate total of fifty (50) hours per week.

33.     Plaintiffs did not receive breaks and/or breaks in excess of twenty (20) minutes during Plaintiffs' employment.

34.     Plaintiffs were paid a flat weekly salary of $1,000.00 per week throughout Plaintiffs' employment.

35.     Plaintiffs were paid in cash for the majority of Plaintiff's workweeks and occasionally by check.

36.     Plaintiffs were paid a flat weekly salary of $1,000.00 per week irrespective of the number of hours worked per week and were not provided with overtime wages at one and one-half times Plaintiffs' regular hourly rate for hours worked in excess of forty (40) hours per week.

37.     Throughout their employment, Plaintiff worked on various Public Works projects for which prevailing wages were required to be provided to Plaintiffs as third-party beneficiaries.

38.     Such Public Works projects included without limitation the following:

- Bronx County Family Court, 900 Sheridan Avenue, The Bronx, New York 10451;

- Bronx Zoo, 2300 Southern Blvd, The Bronx, New York 10460;

- Harlem Hospital Center, 506 Lenox Ave, New York, New York 10037;

- Kings Highway Library, 2115 Ocean Avenue, Brooklyn, New York 11229;

- Made in New York (MiNY) Bush Terminal North Campus, 220 36th Street, Brooklyn, New York 11232;

- New Amsterdam Library, 9 Murray Street, New York, New York 10007;

- New York City Municipal Library, 31 Chambers Street, New York, New York 10007;

- New York Public Library, 476 5th Ave, New York, New York 10018;

- New York University, 370 Jay Street, Brooklyn, New York 11201;

- Northport VA, 79 Middleville Road, Northport, New York 11768;

- Olmstead Center, 117-02 Roosevelt Avenue, Flushing, New York 11368;

- P.S. 152 School of Science & Technology, 725 East 23rd Street, Brooklyn, New York 11210;

- P.S. 52 Sheepshead Bay, 2675 East 29th Street, Brooklyn, New York 11235;

- Randall's Island Creedmoor, Martha Adams Sullivan, DSW, MA, Executive, Director, 79-25 Winchester Boulevard, Queens Village, New York 11427-2199;

- Stony Brook University, 100 Nicolls Road, Stony Brook, New York 11794;

- The City College of New York, 160 Convent Avenue, New York, New York 10031;

- VA NY Harbor Health Care System Manhattan Campus, 423 East 23rd Street, New York, New York 10010;

- Westchester Medical Center, 100 Woods Rd, Valhalla, NY 10901;

- Queens Public Library;

- Roosevelt Island Bus Terminal;

39.     Plaintiffs worked on Public Works projects for half or more of the relevant period of Plaintiffs' employment.

40.     For each of these Public Works projects, contracts were made between Defendants and various agencies, including the City of New York, State of New York and federal agencies.

41.     As required under these contracts, Plaintiffs were to be provided with prevailing wages and supplemental benefits for their work performed on the municipal projects.

42.     Despite the foregoing, Defendants did not provide Plaintiffs with any prevailing wages and supplemental benefits for their work performed on such projects and instead unlawfully and illegally retained the same for profit.

43.     Additionally, Plaintiffs were not provided with wage payment statements reflecting Plaintiffs' hourly rate or number of hours worked nor were Plaintiffs provided with a wage theft prevention act notifications at the time of hiring indicating Plaintiffs' rate of pay or the basis thereof.

44.     At all relevant times, Defendant Sammy Yun was responsible for the hiring; firing; training; supervising; determining and/or establishing the rate of pay and the method of payment of wages; determining and/or establishing work schedules, shifts and/or work hours; determining and/or establishing work duties, assignments and/or tasks; reprimanding or disciplining workers; and determining the terms and conditions of employment for Plaintiffs and workers for Defendant, Mec-Con Associates, Inc.

45.     At all relevant times, Defendant Katie Chung was responsible for the hiring; firing; training; supervising; determining and/or establishing the rate of pay and the method of payment of wages; determining and/or establishing work schedules, shifts and/or work hours; determining and/or establishing work duties, assignments and/or tasks; reprimanding or disciplining workers; and determining the terms and conditions of employment for Plaintiffs and workers for Defendant, Mec-Con Associates, Inc.

46.     At all relevant times, Defendant Raymond Chung was responsible for the hiring; firing; training; supervising; determining and/or establishing the rate of pay and the method of payment of wages; determining and/or establishing work schedules, shifts and/or work hours; determining and/or establishing work duties, assignments and/or tasks; reprimanding or disciplining workers; and determining the terms and conditions of employment for Plaintiffs and workers for Defendant, Mec-Con Associates, Inc.

8

47.    At all relevant times, Defendant Paul Chung was responsible for the hiring; firing; training; supervising; determining and/or establishing the rate of pay and the method of payment of wages; determining and/or establishing work schedules, shifts and/or work hours; determining and/or establishing work duties, assignments and/or tasks; reprimanding or disciplining workers; and determining the terms and conditions of employment for Plaintiffs and workers for Defendant, Mec-Con Associates, Inc.

48.    At all relevant times, Defendants maintained control, oversight and authority over Plaintiffs in the terms and conditions of Plaintiffs' employment and payment of wages and were Plaintiffs' employer as defined under the FLSA and NYLL.

49.    The work performed by Plaintiffs was non-exempt work, as that term is used and defined in the United States and New York State Department of Labor's regulations promulgated under the FLSA and NYLL.

50.    Plaintiffs were entitled to be paid at least one and one-half times Plaintiffs' regular hourly rate of pay for each hour in excess of forty (40) hours that Plaintiffs worked in any workweek pursuant to the FLSA § 207 and 12 NYCRR § 142-2.2.

51.    Throughout Plaintiffs' employment, Plaintiffs worked in excess of forty (40) hours per workweek and were entitled to receive overtime wages.

52.    At no time were Plaintiffs paid overtime wages of one and one-half times Plaintiffs' regular hourly rate of pay for any hours that Plaintiffs worked in excess of forty (40) per workweek, in violation of the FLSA and NYLL.

53.    At all relevant times, Plaintiffs were entitled to prevailing wages, overtime wages at the prevailing wage overtime rate and supplemental benefits for work performed on Public

Works projects.

54.     At no time during Plaintiffs employment did Plaintiffs receive any prevailing wages, overtime wages at the prevailing overtime wage rate and supplemental benefits for work performed on Public Works projects.

55.     At all relevant times, Plaintiffs were entitled to wage statements indicating the regular and overtime rate of pay; the basis of the rate of pay; the dates covered by the payment; the name, address and phone number of the employer; and itemized allowances and deductions pursuant to NYLL § 195(3).

56.     At all relevant times, Plaintiffs were entitled to a notice at the time of hiring indicating Plaintiffs' rate of pay and the basis thereof, the name of the employer, any doing business as names and the main office or principal place of business pursuant to NYLL § 195(1).

57.     During Plaintiffs' employment, Plaintiffs were not provided with proper wage payment statements and were not provided with a wage theft prevention action notice at the time of hiring reflecting the rate of pay and other required information in violation of the NYLL.

## AS AND FOR THE FIRST CAUSE OF ACTION
*(Overtime under the FLSA)*

58.     Plaintiffs repeat and reallege each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth herein.

59.     At all relevant times, Plaintiffs were employees of the Defendants within the meaning of 29 U.S.C. § 203(e).

60.     At all relevant times, Defendants employed Plaintiffs within the meaning of 29 U.S.C. § 203(g).

61.     As the Defendants shared control of the services of the Plaintiffs, Defendants are a single "employer" as defined by the Fair Labor Standards Act.

62.     At all relevant times, Defendants were engaged in commerce and/or the production or sale of goods for commerce within the meaning of 29 U.S.C. §§ 203(e), (m) and 206(a).

63.     At all relevant times, Defendants annual volume of business exceeds $500,000.00 and thus subjects Defendants to the requirements of the FLSA.

64.     At all relevant times, Defendants were subject to the overtime wage requirements set forth in the FLSA, 29 U.S.C. §§ 201 *et seq*.

65.     Pursuant to FLSA, 29 U.S.C. § 201 *et seq*., non-exempt employees are required to be paid one and one-half times the employees' regular rate of pay for any hours in excess of forty (40) worked in any workweek.

66.     Plaintiffs were entitled to be paid one and one-half times Plaintiffs' regular hourly rate for any hours worked in excess of forty (40) hours in any workweek.

67.     Defendants required Plaintiffs to work more than forty (40) hours a week, and Plaintiffs regularly worked more than forty (40) hours a week throughout their employment.

68.     At no time have Defendants paid Plaintiffs a rate of one and one-half times Plaintiffs regular hourly rate of pay for all of the hours Plaintiffs worked in excess of forty (40) hours per week.

69.     Defendants willfully, knowingly and intentionally did not compensate Plaintiffs for overtime at a rate of one and one-half times Plaintiffs' regular hourly rate of pay for all of the hours Plaintiffs worked in excess of forty (40) hours per week.

70.     As a result of Defendants' violations of the law and failures to pay Plaintiffs required regular and overtime wages, Plaintiffs have been damaged and are entitled to recover from Defendants all wages due, along with all reasonable attorneys' fees, interest, and costs, pursuant to 29 U.S.C. § 216(b).

71.     As Defendants did not have a good faith basis to believe that their failure to pay overtime wages to Plaintiffs was in compliance with the law, Plaintiffs are entitled to additional damages equal to one hundred percent of the total amount of wages due, pursuant to 29 U.S.C. § 216(b).

## AS AND FOR THE SECOND CAUSE OF ACTION
*(Overtime under the NYLL)*

72.     Plaintiffs hereby repeat and re-allege each and every allegation as contained in each of the preceding paragraphs as if fully set forth and contained herein.

73.     At all relevant times, Plaintiffs were employees and Defendants were employers within the meaning of N.Y. Lab. Law §§ 190, 651 and 652.

74.     At all relevant times, Defendants were subject to the overtime wage requirements set forth in Article 19 of the NYLL.

75.     Pursuant to N.Y. Lab. Law § 650 *et seq*. and 12 NYCRR § 142-2.2, non-exempt employees are required to be paid one and one-half times the employees' regular rate of pay for any hours in excess of forty (40) worked in any workweek.

76.     Plaintiffs were entitled to be paid one and one-half times the minimum wage rate and/or Plaintiffs' regular hourly rate for any hours in excess of forty (40) worked in any workweek.

77.     Defendants required Plaintiffs to work more than forty (40) hours a week, and Plaintiffs regularly worked more than forty (40) hours a week throughout their employment.

78.     At no time have Defendants paid Plaintiffs a rate of one and one-half times Plaintiffs regular hourly rate of pay for all of the hours they worked in excess of forty (40) hours per week.

79.     Defendants willfully, knowingly and intentionally did not compensate Plaintiffs for overtime at a rate of one and one-half times their hourly rate of pay for all of the hours they worked in excess of forty (40) hours per week.

80.     As a result of Defendants' violations of the law and failures to pay Plaintiffs required regular and overtime wages, Plaintiffs have been damaged and are entitled to recover from Defendants all wages due, along with all reasonable attorneys' fees, interest, and costs, pursuant to N.Y. Lab. Law § 198 and 12 NYCRR § 142-2.2.

81.     As Defendants did not have a good faith basis to believe that their failure to pay overtime wages to Plaintiffs was in compliance with the law, Plaintiffs are entitled to additional damages equal to one hundred percent of the total amount of wages due, pursuant to N.Y. Lab. Law § 198.

## AS AND FOR THE THIRD CAUSE OF ACTION
### *(Breach of Public Works Contracts Prevailing Wages)*

82.     Plaintiffs hereby repeat and re-allege each and every allegation as contained in each of the preceding paragraphs as if fully set forth and contained herein.

83.     During the relevant period of Plaintiffs' employment, Defendants entered into numerous Public Works Projects and/or Subcontracts containing schedules of prevailing rates of wages and supplemental benefits to be paid to Plaintiffs.

84.     Such prevailing rates of wages and supplemental benefits were entered into the Public Works Contracts and/or Public Works Subcontracts for the benefits of Plaintiffs.

85.     Defendants willfully, knowingly and intentionally breached the Public Works Contracts and/or Public Works Subcontracts by failing to pay Plaintiffs prevailing wage rates and supplemental benefits for all labor performed upon the sites of the Public Works Projects.

86.     Under N.Y. Lab. Law § 220, it is required that language mandating the payment of prevailing wages be included in sub-contracts.

87.     To the extent that Defendants' Public Works Subcontracts unlawfully failed to contain language mandating the payment of prevailing wages to Defendants' employees, reformation of such Public Works Subcontracts should be made is equitable and proper.

88.     As a result of Defendants' willful failure under the Public Works Contracts and/or Subcontracts to provide required prevailing wages and supplemental benefits, Plaintiffs are entitled to all unpaid prevailing wages and supplemental benefits that are due, along with all reasonable attorneys' fees, interest, and costs.

### AS AND FOR THE FOURTH CAUSE OF ACTION
*(Wage Statements NYLL § 195(3))*

89.     Plaintiffs hereby repeat and re-allege each and every allegation as contained in each of the preceding paragraphs as if fully set forth and contained herein.

90.     Pursuant to NYLL § 195(3), employers are required to furnish accurate wage statements to their employees with every payment of wages.

91.     Defendants failed to furnish accurate wage statements to Plaintiffs in violation of NYLL § 195(3) by, *inter alia*, failing to provide Plaintiffs with accurate statements of their full

wages, hours worked, regular rate of pay, overtime rate of pay or other information required by NYLL § 195(3).

92.     The foregoing conduct of Defendants constitutes willful violations of the NYLL and/or its regulations.

93.     As Defendants failed to provide proper wage payment statements under NYLL 195(3), Plaintiffs are entitled to liquidated damages of $250.00 for each day that such violations occurred, up to a total of $5,000, together with attorneys' fees, costs and interest.

**AS AND FOR THE FIFTH CAUSE OF ACTION**
*(Pay Rate Notification NYLL § 195(1))*

94.     Plaintiffs hereby repeat and re-allege each and every allegation as contained in each of the preceding paragraphs as if fully set forth and contained herein.

95.     Pursuant to NYLL § 195(1), employers are required to furnish employees at the time of hiring, a notice of the rate or rates of pay and basis thereof, the name of the employer, any doing business as names and the main office or principal place of business.

96.     Defendants failed to furnish such a statement to Plaintiffs in violation of NYLL § 195(1) by, *inter alia*, failing to provide Plaintiffs at the time of hiring with an accurate statement of Plaintiffs' regular rate of pay, the basis thereof, and other information required by NYLL § 195(1).

97.     The foregoing conduct of Defendants constitutes willful violations of the NYLL and/or its regulations.

98.     As Defendants failed to provide Plaintiffs with proper a proper notice under NYLL 195(1), Plaintiffs are entitled to liquidated damages of $50.00 for each day that such

violations continued, up to a total of $5,000.00, together with all reasonable attorneys' fees, costs and interest.

 **WHEREFORE**, Plaintiffs seek the following relief:

A. On the First Cause of Action on behalf of Plaintiffs against Defendants, for all overtime wages due, an additional award of one hundred percent of all wages, along with all reasonable attorneys' fees, costs and interest, in an amount to be determined by this Court but greater than the jurisdictional minimum;

B. On the Second Cause of Action on behalf of Plaintiffs against Defendants, for all overtime wages due, an additional award of one hundred percent of all wages, along with all reasonable attorneys' fees, costs and interest, in an amount to be determined by this Court but greater than the jurisdictional minimum;

C. On the Third Cause of Action on behalf of Plaintiffs against Defendants, for all prevailing wages and supplemental benefits due, along with all reasonable attorneys' fees, costs and interest, in an amount to be determined by this Court but greater than the jurisdictional minimum;

D. On the Fourth Cause of Action on behalf of Plaintiffs against Defendants for failing to provide proper statements with every payment of wages, liquidated damages in the amount of $250.00 per day for every work week in which the violation occurred, up to a maximum of $5,000.00, along with all reasonable attorneys' fees, costs and interest, in an amount to be determined by this Court but greater than the jurisdictional minimum;

E. On the Fifth Cause of Action on behalf of Plaintiffs against Defendants for failing to provide a proper notice at the time of hiring of the rate of pay and basis thereof in an

amount of $50.00 per day, up to a maximum of $5,000.00, along with all reasonable attorneys' fees, costs and interest.

F.  Such other and further relief as is just and proper.

Dated: Syosset, New York
       October 2, 2022

Respectfully submitted,
BELL LAW GROUP, PLLC


By: */s/ Matthew Madzelan*
Matthew Madzelan, Esq.
*Attorneys for Plaintiff*
116 Jackson Avenue
Syosset, New York 11791
(516) 280-3008
Matthew.M@Belllg.com

17